**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HARSHA FARRON CLARKE,

Plaintiff,

v. Case No.: 8:26-cv-1967-TPB-AAS

NICOLE LYONS, et al.,

Defendants.
______________________________________/

**ORDER GRANTING "DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT"**

This matter is before the Court on "Defendants' Motion to Dismiss Plaintiff's Complaint," filed on August 24, 2026. (Doc. 9). On August 31, 2026, Plaintiff filed a response in opposition. (Doc. 12). After reviewing the motion, response, complaint, court file, and record, the Court finds as follows:

**Background**[1]

This case arises from Plaintiff Harsha Farron Clarke's late-night encounter with Polk County Deputy Sheriff Nicole Lyons at Cornerstone Church in Davenport, Florida. At approximately 2:21 a.m. on May 21, 2026, Deputy Lyons observed a white van in the church parking lot and heard drilling. Lyons circled the church and encountered Plaintiff beside the van. Plaintiff explained that he was installing solar panels on his van and that he had permission to remain on the church property

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

overnight. He directed Lyons to a black folder containing a document that identified Pastor Tim King as the person who granted that permission and provided King's contact information. According to Lyons' probable cause affidavit, the document was typed, unsigned, and contained no church letterhead. Lyons also observed an electrical cord connected to an outlet on the side of the church building.

Lyons requested Plaintiff's identification while investigating whether he was authorized to remain on the property and use the church's electricity. Plaintiff repeatedly declined to provide his driver's license or date of birth and instead told Lyons to contact Pastor King. Plaintiff eventually produced a State of Florida card containing his name but no date of birth. Lyons advised Plaintiff that the card was insufficient to verify his identity and again requested his driver's license or date of birth. Plaintiff refused.

Lyons then detained Plaintiff, placed him in her patrol vehicle, searched his person, removed his wallet, and located his Florida driver's license. After Plaintiff's identity was established, Lyons contacted Pastor King, who confirmed that Plaintiff was permitted to be on the property. Lyons nevertheless arrested Plaintiff for resisting an officer without violence under § 843.02, *F.S.*, based on his earlier refusal to provide sufficient identifying information during the investigation. For reasons that are not explained, it appears that the State Attorney's Office did not bring criminal charges against Plaintiff based on this arrest.

On July 9, 2026, Plaintiff filed this action. Count I asserts a § 1983 Fourth Amendment false arrest claim against Lyons in her individual capacity. Count II asserts a § 1983 unreasonable search claim against Lyons in her individual capacity.

Count III asserts a municipal liability claim against Sheriff Grady Judd in his official capacity. Defendants have moved to dismiss the complaint with prejudice.

**Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

***Count I – False Arrest***

Lyons has moved to dismiss Count I, arguing that the circumstances alleged establish reasonable suspicion for the investigatory detention and that Plaintiff's subsequent refusal to provide sufficient identifying information supplied probable cause for his arrest under § 843.02, *F.S.*

Plaintiff's false arrest theory rests principally on his contention that Lyons lacked reasonable suspicion to detain him in the first instance. According to Plaintiff, because the detention was unlawful, Plaintiff's subsequent refusal to provide additional identifying information could not constitute resisting an officer without violence under § 843.02, *F.S.*

The Fourth Amendment permits a law enforcement officer to briefly detain an individual when the officer possesses reasonable, articulable suspicion that criminal activity is afoot. *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000); *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968). Florida's Stop and Frisk Law similarly permits an officer temporarily to detain a person when circumstances reasonably indicate that the person has committed, is committing, or is about to commit a criminal offense. § 901.151(2), *F.S.* Reasonable suspicion requires more than an inchoate hunch, but considerably less than probable cause. *Kansas v. Glover*, 589 U.S. 376, 380 (2020) ("Although a mere hunch does not create reasonable suspicion, the level of suspicion the standard requires is considerably less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause."). In determining whether reasonable suspicion existed, courts consider the totality of the circumstances

known to the officer rather than examining each fact in isolation. *Jackson v. Sauls*, 206 F.3d 1156, 1166 (11th Cir. 2000) (explaining reasonable suspicion standard in the qualified immunity context).

Here, even accepting Plaintiff's allegations as true and drawing all reasonable inferences in his favor, Lyons had reasonable suspicion sufficient to investigate Plaintiff's presence and activities on the church property. At approximately 2:21 a.m., Lyons encountered a van parked on private church property, heard drilling, found Plaintiff working beside the van, and observed an electrical cord connected to an outlet on the church building. Those circumstances objectively supported an investigation into whether Plaintiff was authorized to remain on the property and use the church's electricity.

Plaintiff emphasizes that he told Lyons that he had permission to be there, produced documentation purporting to confirm that permission, identified Pastor King as the person who granted it, and urged Lyons to contact King. But those facts did not require Lyons to terminate the investigation immediately or accept Plaintiff's explanation at face value. Indeed, the document Plaintiff relied upon was typed, unsigned, and lacked church letterhead. More fundamentally, reasonable suspicion allows an officer to investigate suspicious circumstances; it does not require the officer to resolve those circumstances conclusively before briefly detaining the person involved. Plaintiff therefore has not plausibly alleged that the investigatory detention itself violated the Fourth Amendment.

That conclusion defeats the predicate on which Plaintiff's § 843.02, *F.S.* argument depends. Section 843.02, *F.S.* prohibits resisting, obstructing, or opposing

an officer in the lawful execution of a legal duty without violence. During a lawful investigatory detention, an officer may seek information sufficient to ascertain the detainee's identity. *See* § 901.151(2), *F.S.*; *State v. Ramos*, 598 So. 2d 267, 269 (Fla. 3d DCA 1992); *State v. Aqqad*, 637 So. 2d 255, 257 (Fla. 2d DCA 1994). "When an officer lawfully conducts a *Terry* stop, Fla. Stat. § 843.02, authorizes the officer to arrest a person who refuses to provide identification in response to requests." *Colon v. Smith*, No. 22-14106, 2024 WL 3898011, at *5 (11th Cir. Aug. 22, 2024) (quoting *Moore v. Pederson*, 806 F.3d 1036 (11th Cir. 2015)).

Here, Plaintiff repeatedly refused to provide his driver's license or date of birth while Lyons was lawfully investigating the circumstances surrounding his presence at the church. Although Plaintiff eventually produced a State of Florida card bearing his name, the card did not contain his date of birth, and Plaintiff continued to refuse information Lyons requested to verify his identity. Because the detention was lawful, Plaintiff cannot rely on the proposition that a person is free to refuse identification during an unlawful detention.

Under these circumstances, Lyons possessed probable cause to arrest Plaintiff for violating § 843.02, *F.S.* Pastor King's subsequent confirmation that Plaintiff had permission to remain on the property did not eliminate probable cause arising from Plaintiff's conduct during the lawful investigation. Plaintiff was not arrested for trespass or theft; he was arrested for resisting Lyons during her lawful execution of an investigatory duty. Accordingly, Plaintiff has not plausibly alleged a Fourth Amendment false arrest.

Moreover, even if the facts did not establish actual probable cause, Lyons would nevertheless be entitled to qualified immunity. An officer is entitled to qualified immunity from a false arrest claim if the officer had arguable probable cause to make the arrest. *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010). Here, at minimum, a reasonable officer could have believed that Plaintiff's repeated refusal to provide information sufficient to verify his identity during a lawful investigatory detention constituted a violation of § 843.02, *F.S.* Lyons therefore possessed at least arguable probable cause.

For these reasons, Count I is dismissed. Ordinarily, a plaintiff should be afforded at least one opportunity to amend a deficient complaint where a more carefully drafted pleading might state a claim. Leave to amend is not required, however, where amendment would be futile. Here, the deficiencies are not the product of insufficient factual detail that could potentially be cured through repleading. Rather, Plaintiff's own factual allegations establish the circumstances underlying the encounter and demonstrate that Lyons had reasonable suspicion to detain Plaintiff while investigating his presence and activities on the church property. Plaintiff's claims therefore fail based on the facts he affirmatively alleges, even when those facts are accepted as true and all reasonable inferences are drawn in his favor. Because additional factual allegations consistent with Plaintiff's existing pleading would not alter the legal conclusions discussed above, amendment would be futile. Count I is therefore dismissed with prejudice.

***Count II – Unreasonable Search***

Lyons has moved to dismiss Count II, arguing that probable cause to arrest Plaintiff existed before the challenged search and that the search was therefore lawful as a search incident to arrest, even though it immediately preceded Plaintiff's formal arrest.

Count II alleges that Lyons violated the Fourth Amendment by searching Plaintiff's person, removing his wallet, and locating his driver's license. It is well-established that a lawful custodial arrest permits a search of the arrestee's person and containers found on his person. *United States v. Robinson*, 414 U.S. 218, 235-36 (1973). Moreover, a search may immediately precede the formal arrest when probable cause exists independently of the search and the arrest promptly follows. *Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980).

As explained above, Lyons possessed probable cause to arrest Plaintiff under § 843.02, *F.S.* based on Plaintiff's refusal to provide sufficient identifying information and before she searched his person and wallet. The information recovered from Plaintiff's wallet therefore did not supply the probable cause necessary to justify the arrest; probable cause already existed based on Plaintiff's refusal to provide sufficient identifying information during the lawful detention. The search and arrest occurred as part of the same continuous encounter. Consequently, the fact that Lyons located Plaintiff's driver's license immediately before formally arresting him does not render the search unconstitutional. Because probable cause existed independently of the search, Count II fails to state a Fourth Amendment claim.

Alternatively, for substantially the same reasons discussed as to Count I, Lyons would be entitled to qualified immunity. At minimum, a reasonable officer could have believed that probable cause existed to arrest Plaintiff before the search and that the search was constitutionally permissible incident to that arrest. *See Brown*, 608 F.3d at 734; *Rawlings*, 448 U.S. at 111

Count II is dismissed. Because Count II fails based on the circumstances alleged by Plaintiff himself, rather than a pleading deficiency that could be cured through additional factual allegations, amendment would be futile. Count II is therefore dismissed with prejudice.

***Count III – Municipal Liability***

Sheriff Judd has moved to dismiss Count III, arguing that Plaintiff has not alleged an underlying constitutional violation and, alternatively, that the complaint fails to plausibly allege that any constitutional violation was caused by an official policy or widespread custom or practice.

Plaintiff asserts an official capacity claim against Sheriff Judd under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff alleges, among other things, deficiencies in policies, customs, training, and supervision concerning investigatory detentions, compelled identification, warrantless searches, warrantless arrests, and the consideration of exculpatory information.

Municipal liability under § 1983 requires an underlying constitutional violation caused by a municipal policy or custom. *See id.* at 694; *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Here, Plaintiff has not plausibly alleged an underlying constitutional violation. As discussed above, Lyons had reasonable suspicion to

detain Plaintiff while investigating his activities on the church property, probable cause to arrest him under § 843.02, *F.S.*, and a lawful basis to search him incident to that arrest. Because the challenged conduct did not violate Plaintiff's Fourth Amendment rights, there is no underlying constitutional violation upon which municipal liability may be based. Count III therefore fails as a matter of law.

Count III is dismissed. Because Plaintiff's own allegations establish that no underlying constitutional violation occurred, amendment of the municipal liability claim would be futile. Count III is therefore dismissed with prejudice.

Accordingly, it is hereby

**ORDERED, ADJUDGED, and DECREED:**

1. "Defendants' Motion to Dismiss Plaintiff's Complaint" (Doc. 9) is **GRANTED**.
2. Counts I, II, and III of the complaint (Doc. 1) are **DISMISSED WITH PREJUDICE**.
3. The Clerk is directed to terminate any pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, on this 25th day of September, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE